UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TELSON OKHIO,

                Plaintiff,

        -against-

RUTH WEEKES, CLARENCE WEEKES,
PETULA JOHNNY, MONICA SANDY,

                Defendants.
------------------------------------------------------------X

**ORDER**
15-CV-6034(JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

On October 13, 2015, incarcerated *pro se* plaintiff Telson Okhio ("plaintiff") filed a complaint in this Court against Ruth Weekes, Clarence Weekes, Petula Johnny, and Monica Sandy (collectively, "defendants"). However, plaintiff did not remit the filing fee nor did he file an application to proceed *in forma pauperis*. Accordingly, by Notice of Deficiency dated October 20, 2015, the Court instructed plaintiff to complete and return the enclosed *in forma pauperis* application and Prisoner Litigation Reform Act authorization form ("PLRA"). (*See* Docket No. 3.) On November 2, 2015, plaintiff filed an application to proceed *in forma pauperis* and the PLRA.

Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to allege a plausible claim for relief and Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff seeks to invoke this Court's diversity subject matter jurisdiction. Plaintiff alleges that he, and all of the defendants "are individuals who reside in, and are citizens of the State of New York" and that the amount in controversy exceeds the sum of $75,000. (Compl. ¶¶1-3.) The complaint describes a scheme allegedly perpetrated by the defendants, beginning in 2009, to defraud plaintiff in connection with various real estate investments and his investment in a vehicle export business. (Compl. ¶¶ 11-76.) Plaintiff seeks to recover a compensatory damages award in the sum of $1,391,658.00 which is alleged to be the amount of the actual fraud loss.

## DISCUSSION

### I. Sufficiency of the Pleadings

#### A. Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), aff'd, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id.* "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01; *see also* Fed. R. Civ. P. 12(h)(3). "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

3

Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

B. Application

Applying these rules to this case, it is clear that this Court lacks subject matter jurisdiction to adjudicate plaintiff's claims. Although plaintiff seeks to invoke this Court's diversity subject matter jurisdiction, he alleges that all of the parties are citizens of New York. Thus, because diversity of citizenship is lacking, the requirements of 28 U.S.C. § 1332 are not met. And, even affording the *pro se* complaint a liberal construction, plaintiff does not allege – and the Court cannot discern – a plausible federal claim such that this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 may be invoked. In the absence of a basis to support this Court's subject matter jurisdiction, plaintiff's complaint must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); Fed. R. Civ P. 12 (h)(3). However, plaintiff's claims are dismissed without prejudice to plaintiff pursuing any valid claims he may have against the defendants in state court.

CONCLUSION

For the reasons set forth herein, plaintiff's application to proceed *in forma pauperis* is granted. However, the complaint is *sua sponte* dismissed for lack of subject matter jurisdiction. The dismissal of plaintiff's claims here is without prejudice should plaintiff seek to pursue these claims in state court. The Clerk of the Court is directed mail a copy of this order to the plaintiff at his last known address and to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Joseph F. Bianco
Joseph F. Bianco
United States District Judge

Dated: January 5, 2016
Central Islip, New York

5